UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JUSTICE TARRANT, an individual )<br>)<br>)<br>)<br>Plaintiff. )<br>)<br>v. )<br>)<br>1. MATHEW PERRY, individually, while )<br>acting under color of law, as an officer )<br>for the Town of Mayville, and )<br>2. ARRON GLASS, individually, while )<br>acting under color of law, as the Police Chief of )<br>police for the Town of Maysville, )<br>3. THE TOWN of MAYSVILLE, Oklahoma, )<br>4. THE MAYVILLE TOWN COUNSEL, )<br>individually and as a town body, while )<br>acting under color of law, operating officers )<br>of the town. )<br>)<br>Defendants. ) | **Case No.**   CIV-20-1065-G |

# COMPLAINT

COMES NOW, the Plaintiffs, listed above (hereinafter "Plaintiffs"), and for her cause of action against the Defendants, alleges and states as follows:

1. This action is filed for money damages against the above Defendants, Mathew Perry, Aaron Glass, The Town of Maysville, and The Maysville Town Counsel, in their individual capacities, and while acting under the color of law as officers and employees, and trustees of the Town of Maysville. This action is brought for violation of Plaintiff's Constitutional rights, Oklahoma State law, and common law. Plaintiff alleges that Defendants Mathew Perry and Arron Glass violated the Plaintiff civil rights and

assaulted and battered her and mental damage to her being, and in the process violated her constitutional rights pursuant to 42 U.S.C § 1983. Additionally, Mathew Perry, Arron Glass, The Town of Maysville, and The Maysville Town Counsel created, or caused to be made, policy, both actual and de facto, which caused Plaintiffs to be wrongfully assaulted, battered, physically and emotionally harmed, causing humiliation, and injury without justification. The Town Counsel had been put on notice that the officers displayed a proclivity to act outside the law and to be unjustifiably violent towards citizens. The above Defendants are being sued in their individual capacities. The Plaintiff has filed a claim pursuant to the Government Tort Claims Act ("GTCA") and Plaintiff reserves the right to amend this claim. *See* Okla. Stat. tit. 51 §§ 151-170. The GTCA notice was received by the Defendant's on 1/24/2020. The Defendant's have not accepted or denied liability as of the filing and the Defendant's 90-day period to settle or deny the claim has lapsed.

2. This action is brought for the benefit of the Plaintiff to redress both her physical damages and the deprivation of her civil rights and privileges or immunities secured to the Plaintiff by the 4th, 8th, and 14th Amendments to the Constitution of the United States, and also arising out of the law, statute, and Constitution of the State of Oklahoma and more particularly set out hereinafter.

*Parties*

3   Plaintiff, listed above, is a citizen of both the United States, the State of Oklahoma, and is a resident of Garvin County, which is located in the Western District of Oklahoma.

4. Defendants were employed by or are trustees of Town of Maysville at the time of the acts complained of herein and, upon information and belief, is a resident of Garvin County.

*Jurisdiction*

5. This action is brought pursuant to Title 42 of the United States Code, Sections 1983 and 1988, as well as the 4th, 8th, and 14th Amendments of the United States Constitution to redress the Plaintiff's deprivation under color of State law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States, or by act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States.

6. Additionally, the Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331, 1343 (a)(3), and 1391(b) and the above-mentioned statutory and constitutional provisions.

7. Plaintiff further invokes pendent or supplemental jurisdiction for this Court to consider the claims arising under Oklahoma State law, this being an action wherein the State and Federal claims derive from a common nucleus of operational fact, and are such that the plaintiff would normally be expected to try them all in a single judicial proceeding.

8. Plaintiff's action for damages is authorized by:

   a. The 4th, 8th and 14th Amendment to the Constitution of the United States;

    b. There may be other causes of action, either under federal or state law, which are unknown to the Plaintiff at this time but may be ascertained by discovery and later asserted; and

    c. Plaintiff's application for attorney fees herein is authorized by 42 U.S.C. § 1988, which provides that a Court may award a reasonable attorney fee as part of costs in any action or proceeding to enforce a provision of 42 U.S.C § 1983.

9.     The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

*Factual Allegations*

10.     On or about the 25th day of January 2019, at approximately 10:00 p.m., Maysville Police Officer Mathew Perry, Chief Arron Glass, as well as other Maysville Police Officers, entered onto the Plaintiff's property without invitation. The property in question is located at 300 North Mays, Apt #4 in Maysville, Oklahoma. Once on the property, Officer Perry and other unidentified Maysville Officers knocked on Ms. Tarrant's front door, while other officers knocked on her windows. When Ms. Tarrant went to open the door, she was immediately met with two assault rifles. These rifles were pressed into Ms. Tarrant's chest and she was physically pushed back into her home by Officer Perry. Ms. Tarrant is extremely fortunate the rifle did not accidently discharge. Next, as Ms. Tarrant was pushed into her home, Officer Perry and another Maysville Officer immediately entered the home without permission and without a warrant. Ms. Tarrant was told that the violation of her rights was justified due to the smell of marijuana coming from the home.

11.     Ms. Tarrant was ultimately charged with contributing to a minor but was

informed by the Mayville Officers Perry and Glass, before she was charged, that she could go free if she would provide information as to the location of Tierek Stewart. When Ms. Tarrant could not provide the requested information, she was taken to the Garvin County Jail. Ms. Tarrant believes that the invasion of her home was mainly to look for the individual Tierek Stewart, since there was no marijuana found in the premises. The officers then performed a search on Ms. Tarrant's home without a warrant.

12. The dangerous actions of these two officers are also well known to the town board members. From the action of these police officers in this incident, they seem to have a less than adequate knowledge/training of basic law enforcement practices, the search/seizure laws, and basic law enforcement procedures. The officers' behavior looked to be the official policy and practice of the Maysville Police Department, considering the Chief of Police was present during the illegal search of Ms. Tarrant's home.

13. The Defendant Maysville Town Counsel, after repeated warnings, ignored these officer's reckless actions, which amounts to a deliberate indifference to an obvious need to for training and supervision. Moreover, this indifference by the Defendants created a policy or de facto policy for the use of excessive force.

### *First Cause of Action*

*Civil Rights Violation; Perry and Glass, Town of Maysville and the Town Board of Mayville, 42 U.S.C. §1983.*

14. Defendants, as a Town of Oklahoma and as individuals, and while acting under color of law as a Board Trustees and Police Officers of Maysville, subjected the Plaintiffs to a physical assault and battery. The physical force by Defendants Glass and Perry was delivered when they pushed an assault rifle into the chest of the Plaintiff.

15. Defendant's actions caused both physical and emotional damage, as well as a deprivation of her fundamental rights, including but not limited to, equal protection, due process as guaranteed by the 14th Amendment to the U.S. Constitution, and freedom from unreasonable searches and seizures as guaranteed by the 4th Amendment to the U.S. Constitution and the Oklahoma Constitution.

16. Defendant's actions were intentional and were the direct cause of the Plaintiff's physical and mental damages, as well as the deprivation of Plaintiff's legal and constitutional rights, thereby causing humiliation, death, mental and physical pain, and emotional distress.

17. The Plaintiff seeks to remedy the deprivation of his constitutional rights under *42 USCA §1983*.

18. The actions of the Defendants, Officers Perry and Glass as alleged in this complaint where part and parcel of a widespread town policy, practice and custom which is further established by the involvement in, and ratification of, these actions by municipal supervisors and policy makers, the town board of trustees.

## Second Cause of Action

*Civil Rights Violation; by Defendants the Maysville Town Counsel and Chief of police Aaron Glass, 42 U.S.C. §1983*

19. The Maysville Town Board of Trustees and Chief Glass acting as individuals and under the color of law, as employees of the Town of Maysville, were supervisors of Defendant Perry at the time of this incident. As such, The Maysville Town Board of Trustees failed to adequately hire, train and supervise Glass and Perry. Despite numerous warnings of Defendant Perry's excessive use of force, and decision making, no corrective actions were taken by

Defendants Trustees and Chief Glass. Chief Glass, according to the Maysville ordinance and procedure publication is the individual designated to create and enforce police practice and policy. In fact, not only did the Board of Trustees ignore the warnings, they promoted Perry after the incident in question. The Maysville Board of Trustee's deliberate indifference to the conduct of Defendant Perry as well as Glass created a de facto policy or an acceptance of the officer's conduct and thereby caused additional instances of physical abuse by these officers, which directly led to the attack on the Plaintiff.

20. The physical attack on Plaintiff caused physical and emotional damage, as well as a deprivation of their rights to equal protection, due process as guaranteed by the 14th Amendment to the U.S. Constitution, the right to be free from excessive force, and their right to be free from cruel and unusual punishment as guaranteed by the 8th Amendment to the U.S. Constitution, and their right to be free from unreasonable searches and seizures as guaranteed by the 4th Amendment to the U.S. Constitution.

21. The Plaintiffs seeks to remedy the deprivation of their constitutional rights under *42 USCA §1983.8*

*Prayer for Relief*

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages to Plaintiff in an amount in excess of seventy-five thousand dollars ($75,000.00),

b. Award punitive damages to Plaintiff in an amount in excess of seventy-five thousand dollars ($75,000.00),

d. Award cost of this action including attorney fees to Plaintiff, and

e. Award such other relief as this Court may deem just and appropriate.

/s/ Phillip Scott Spratt
Phillip Scott Spratt, OBA No. 21365
The Spratt Law Firm
333 NW 5th Street, Suite 415
Oklahoma City, Oklahoma 73102
Phone: 405-701-3033
Fax: 405-600-7351
EMAIL: Scott@Sprattlawfirm.com
ATTORNEY FOR THE PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**