## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JUSTICE TARRANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-20-1065-G** |
| | ) | |
| **MATTHEW PERRY et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

On October 20, 2020, Plaintiff Justice Tarrant, appearing through counsel, filed this lawsuit, identifying four defendants.  Plaintiff's 90-day deadline to effect service upon Defendants Matthew Perry and Arron Glass expired on January 18, 2021.  *See* Fed. R. Civ. P. 4(m).  As of that date, however, no summons had been issued for either Defendant Perry or Defendant Glass.  Plaintiff had not made proof of service or waiver of service to the Court as to these Defendants.  Nor had either Defendant answered or otherwise indicated awareness of Plaintiff's lawsuit.

Accordingly, on January 29, 2021, the Court directed Plaintiff to show cause in writing, no later than February 12, 2021, why his claims against Defendant Perry and Defendant Glass should not be dismissed.  *See* Order to Show Cause (Doc. No. 7).

The stated deadline has since passed.  Plaintiff's counsel, rather than attempting to show cause or seeking dismissal of the Defendants, has chosen to ignore the Court's express Order (while continuing to otherwise pursue this lawsuit, *see* Doc. No. 8).

Accordingly, there is no additional information before the Court regarding the lack of service upon Defendants Perry and Glass.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain.  *See* Fed. R. Civ. P. 4(c)(1), (m).  Thus, Plaintiff's failure to complete proper service upon Defendants Perry and Glass within the prescribed time limit is grounds for dismissal of all claims against those parties, absent justification for this failure.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service upon these Defendants, and no "good cause" is otherwise reflected in the record before the Court.  Fed. R. Civ. P. 4(m).  Notwithstanding Plaintiff's failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time."  *Id.* at 842.  In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason

to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiff has made no request for additional time. Defendants Perry and Glass are not federal officers, Plaintiff is not proceeding *in forma pauperis*, and there is no apparent confusion or delay justifying an extension, as Plaintiff successfully served the other defendants in this lawsuit. Further, assuming Plaintiff's statute of limitations has expired, a dismissal under Rule 4(m) would not necessarily bar the refiling of Plaintiff's claims against these Defendants. Oklahoma's "savings statute" may save the claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiff may be able to refile the claims within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case. Further, Plaintiff has been warned that failure to accomplish service would result in dismissal and has been afforded an opportunity to justify his failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016).

CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims against Defendant Matthew Perry and Defendant Arron Glass for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 18th day of February, 2021.

CHARLES B. GOODWIN
United States District Judge