## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUSTICE TARRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-01065-PRW |
| | ) | |
| MATTHEW PERRY, AARON GLASS, | ) | |
| THE TOWN OF MAYSVILLE, and THE | ) | |
| MAYSVILLE TOWN BOARD, in their | ) | |
| official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Defendants' Motion to Dismiss (Dkt. 6), Plaintiff Tarrant's Response in Opposition (Dkt. 8), and the Defendants' Reply (Dkt. 10). For the following reasons, the Defendants' Motion to Dismiss is **GRANTED**.

### *Background*[1]

Plaintiff Justice Tarrant lives in the Town of Maysville, a small town in southern Oklahoma.[2] Around 10:00 p.m. on January 25th, 2019, Maysville Police Chief Aaron Glass and Officer Matthew Perry entered Ms. Tarrant's property and knocked on her door and

---

[1] At this stage the Court accepts the Plaintiff's well-pleaded allegations as true, so the account presented in this factual background reflects Plaintiff's account.

[2] This case is *Tarrant II*. An earlier-filed case—*Tarrant, et al., v. Perry, et al.*, CIV-20-00891-PRW—involving related plaintiffs, identical defendants, identical attorneys on both sides, and substantially similar claims is also pending before this Court.

windows. When Ms. Tarrant opened the door, the officers allegedly pressed assault rifles into her chest and physically pushed her back into the residence. Once inside, the officers searched the premises, claiming that they smelled marijuana. Ms. Tarrant was told she would be free to go if she could provide information as to the whereabouts of another individual. When unable to provide this information, she was taken to the Garvin County jail. Ms. Tarrant alleges that the behavior of Chief Glass and Officer Perry was "well known" to the members of the Town Board. She further charged that the Town Board ignored the officers' behavior, "creat[ing] a police or de facto policy for the use of excessive force."

Ms. Tarrant filed suit for money damages under 42 U.S.C. § 1983, advancing two claims: (1) that all Defendants committed a physical assault and battery when the officers' pushed a rifle into her chest in violation of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment and an unreasonable search and seizure in violation of the Fourth Amendment; and (2) that the Town, Town Board, and Chief Glass failed to adequately hire, train, and supervise the officers, creating a de facto policy that led to the officers' conduct against Ms. Tarrant, in violation the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment, the Excessive Force Clause of the Eighth Amendment, and the unreasonable searches and seizures guarantee of the Fourth Amendment.

Although Ms. Tarrant originally sued Officer Perry, Chief Glass, the Town, and the Town Board, Officer Perry and Chief Glass were dismissed from the suit after Ms. Tarrant failed to serve them. This left only the Town and the Town Board, both in its official

capacity and in each board members' individual capacity, in the case. Now, these remaining Defendants seek to dismiss all claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### *Legal Standard*

When reviewing a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[3] Parties bear the "obligation to provide the grounds of [their] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[4] The pleaded facts must thus be sufficient to establish that the claim is plausible.[5] In considering whether a plausible claim has been made, the Court "liberally construe[s] the pleadings and make[s] all reasonable inferences in favor of the non-moving party."[6] However, when considering a Rule 12(b)(6) motion to dismiss, the Court also examines whether the claim fails as a matter of law despite sufficiently detailed factual allegations. Thus, the Court "may grant judgment as a matter of law under Federal Rule of Civil Procedure 12(b)(6) on the basis of an affirmative defense . . . when the law compels that result."[7]

---

[3] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[5] *See id.*

[6] *Brokers' Choice of Am., Inc. v. NBC Univ., Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

[7] *Caplinger v. Medtronic, Inc.*, 784 F.3d 1335, 1341 (10th Cir. 2015).

*Discussion*

The Defendants' Motion to Dismiss advances several different arguments regarding why the complaint should be dismissed, but the Court finds it necessary to only address three, as these three arguments result in the full dismissal of all remaining Defendants.

I.   *The Town Board in its Official Capacity*

To begin, Ms. Tarrant's complaint charges both the Town of Maysville and the Maysville Town Board.[8] However, Defendants correctly argue that the Town Board, operating in its official capacity, is not a separate, legally-suable entity.

Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district court is located.[9] Under Oklahoma law, a municipality is a "person" for purposes of § 1983 liability.[10] However, it is also well-established that a subdivision entity of a municipality cannot be sued under § 1983, because the subdivision entity has no "separate legal identity."[11]

---

[8] The Complaint names the "Maysville Town Council," but the entity managing the municipal government is correctly known as the "Town Board," so the Court adopts this vernacular.

[9] Fed. R. Civ. P. 17(b).

[10] *See Barnthouse v. City of Edmond*, 73 P.3d 840, 851 (Okla. 2003); *see also* Okla. Stat. tit. 51, § 152.

[11] *See Glover v. Oklahoma City*, 2021 WL 6066880, at *2 (W.D. Okla. Oct. 14, 2021); *Chester v. Altus Police Dep't*, 2019 WL 748054, at *2 (W.D. Okla. Oct. 10, 2019); *see also Ketchum v. Albuquerque Police Dep't*, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) (finding a municipal police department not a suable entity since it lacks a legal identity apart from the municipality or county); *Shangreaux v. Midwest City Police Dep't*, 936 F.2d 583 (Table), at *2 (10th Cir. 1991) ("The police department of Midwest

Here, any official actions taken by the Town Board in its official capacity are fully synonymous with actions of the Town of Maysville itself. As such, the Town Board in its official capacity has no separate legal identity outside of the Town—any liability incurred due to the official actions of the Town Board is borne by the Town. Accordingly, the Town Board, in its official capacity, is a subdivision entity lacking a separate, suable identity, and must be dismissed from the action.

## II.    *The Town Board Members in their Individual Capacities.*

Ms. Tarrant's complaint also seeks to recover against the individual members of the Town Board for their "fail[ure] to adequately hire, train and supervise" the officers and the board members' "deliberate indifference" to the officers' alleged conduct. Defendants argue that any such claims should be dismissed, as Ms. Tarrant failed to plausibly state claims against any individual board member in their individual capacity.

To establish a § 1983 claim against public official, Ms. Tarrant must sufficiently plead both that the board members acted under color of state law and that there was "some form of personal involvement on the part of the individual defendants."[12] It is not enough for Ms. Tarrant to "show a defendant was in charge of other state actors who actually committed the violation."[13] She must "establish 'a deliberate, intentional act by the

---

City is not a suable entity. Of course, to remedy this defect, Shangreaux needs only to amend his complaint to name Midwest City as a defendant.").

[12] *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) (citing *Coleman v. Turpen*, 697 F.2d 1241, 1246 n.7 (10th Cir. 1982)).

[13] *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006).

supervisor to violate constitutional rights.'"[14] And since the board members "must be personally 'involved in the constitutional violation'" to be liable,[15] a complaint must be specific enough about each individual board members' alleged role and responsibility to provide "fair notice as to the basis of the claims against him or her."[16]

Here, Ms. Tarrant's complaint fails to name, identify, or describe the actions of the board members she seeks to hold personally liable. The extent of her claims are conclusory recitations of elements—such as "fail[ure] to adequately hire, train, and supervise" and "deliberate indifference"—that she levels against the Town Board as a whole. At no point does Ms. Tarrant clarify what sort of personal involvement any or all of the board members had or what sort of deliberate, intentional acts any or all of the board members took to facilitate the alleged constitutional violations. And in her response to the motion to dismiss, Ms. Tarrant cites no authority to support the idea that such brief and cursory allegations are sufficient to survive a 12(b)(6) motion. Instead, she argues for the first time that "as discovery and evidence is generated," she will uncover and demonstrate that "warnings were being provided and ignored" and that "individual council members . . . created an abusive police force" and "unleashed these officers onto the Maysville public."

But in resolving a 12(b)(6) motion the Court considers only the well-pleaded allegations in the complaint, not a plaintiff's post-hoc attempt to remedy deficit pleadings

---

[14] *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 994–95 (10th Cir. 1996)).

[15] *Id.* (quoting *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006)).

[16] *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 921 n.9 (10th Cir. 2012) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

through additional allegations. And "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to allow a claim to proceed or allow a plaintiff to embark on a fishing expedition for evidence.[17] Accordingly, the Court finds that Ms. Tarrant has failed to state a claim against any individual board member, so all claims against the Town Board in their individual capacity must also be dismissed.

III.    *The Town of Maysville.*

Finally, Ms. Tarrant focuses the brunt of her complaint at the Town of Maysville, again asserting that the Town is liable under § 1983 for the officers' alleged conduct due to its "fail[ure] to adequately hire, train and supervise" the officers and its "deliberate indifference . . . creat[ing] a de facto policy or acceptance" of the officers' alleged conduct. Defendants now argue that Ms. Tarrant has failed to plausibly state a claim against the Town, as well, since the allegations in the complaint amount to a claim of vicarious liability.

It is well-established that a municipality cannot be held liable under § 1983 on a theory of *respondeat superior* or vicarious liability.[18] Thus, a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents," and any claim must be dismissed unless the complaint demonstrates that "execution of a government's

---

[17] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[18] *See Waller v. City & County of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[19] Here, the minimum pleading standards still apply—a plaintiff must do more than offer a conclusory statement of "failure to train and to supervise" or "deliberate indifference."[20] A plaintiff must plead specific facts sufficient to support conclusions that there was a formal policy, an adopted custom, or specific actions taken in the course of failure to train or supervise—and also "a direct causal link between the policy or custom and the injury alleged" must be demonstrated.[21] When evaluating such a claim, "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."[22] The heightened causal element "is applied with especial rigor when the municipal policy or practice is itself not unconstitutional, for example, when the municipal liability claim is based upon inadequate training, supervision, and deficiencies in hiring."[23] And claims of deliberate indifference likewise carries "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action,"[24] requiring that "the municipality has actual or constructive notice that its action

---

[19] *Monell*, 436 U.S. at 694.

[20] *See Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010); *see also Bd. Of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410–12 (1997); *Dodds v. Richardson*, 614 F. 3d 1185, 1212 (10th Cir. 2010) (Tymkovich, J., concurring).

[21] *Waller*, 932 F.3d at 1284 (quoting *Bryson*, 627 F.3d at 788).

[22] *Id.* (quoting *Brown*, 520 U.S. at 405).

[23] *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

[24] *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Brown*, 520 U.S. at 410).

or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."[25]

Here, Ms. Tarrant's complaint fails to survive even the minimal pleading standards, much less the heightened standards by which the Court reviews claims alleging failure to train and supervise or deliberate indifference. Other than the two conclusory statements previously quoted, Ms. Tarrant pleads no facts of action or inaction relating to the officers' allegedly deficit hiring, training, or supervision. She pleads no specific facts relating to any potential prior misconduct by the officers, the Town's knowledge of any such prior misconduct, or the Town's decision to ignore any such prior misconduct. Devoid of even the most basic factual pleadings, her complaint is also inevitably devoid of any attempt at demonstrating the required casual links between the alleged "de facto policy" and any knowledge or actions by the Town. In her response to the motion to dismiss, Ms. Tarrant again offers no legal arguments or citation to authority in the face of Defendants' motion to dismiss on these grounds. Instead, she states—again for the first time—that the Town has "literally assigned" Chief Glass all authority to design policy and custom, and that she hopes to cultivate her failure-to-supervise claim as discovery proceeds.

Yet once again, the Court can consider only the well-pleaded factual allegations present in the complaint when resolving a 12(b)(6) motion. When a claim is based on "mere 'labels and conclusions'" devoid of pleaded factual allegations, it cannot be maintained.[26]

---

[25] *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

[26] *Khalik*, 671 F.3d at 1191 (quoting *Twombly*, 550 U.S. at 555).

Since Ms. Tarrant's claims against the Town of Maysville are nothing more than generalized conclusions of vicarious liability lacking the pleaded facts necessary to support any inference about culpability or causation, her claims are barred as a matter of law and the Town must be dismissed from the action.

### *Conclusion*

When examining a complaint to resolve a 12(b)(6) motion, the Court "disregard[s] conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[27] Here, disregarding the conclusory statements leaves nothing left as to Defendant Town of Maysville and Defendant Town Board. Between Ms. Tarrant's failure to plead factual allegations that plausibly state a claim and the application of pertinent rules of law limiting what types of claims may proceed under § 1983, the Court finds that both remaining Defendants must be dismissed from the action entirely. Accordingly, the Defendants' Motion to Dismiss (Dkt. 7) is **GRANTED**.

**IT IS SO ORDERED** this 31st day of March 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[27] *Id.*